1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BLUE FIRE CLOUD ABREU,                    No.  2:25-cv-00644 SCR P

12              Plaintiff,

13        v.                                    ORDER

14    COUNTY OF SHASTA, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18    1983 without a lawyer.  Plaintiff's complaint (ECF No. 1) is before the undersigned for screening

19    under 28 U.S.C. § 1915A.  For the reasons set forth below, plaintiff's complaint fails to state a

20    claim upon which relief can be granted.  Plaintiff will be given leave to amend.

21                               **IN FORMA PAUPERIS**

22        Plaintiff requests leave to proceed without paying the full filing fee for this action, under

23    28 U.S.C. § 1915.  (ECF No. 4.)  He submitted a declaration showing that he cannot afford to pay

24    the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in

25    forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00 filing fee in

26    monthly installments that are taken from the inmate's trust account rather than in one lump sum.

27    28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial partial

28    filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to

1

1  CDCR requires monthly payments of twenty percent of the prior month's income to be taken

2  from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in

3  full.  See 28 U.S.C. § 1915(b)(2).

4  **STATUTORY SCREENING OF PRISONER COMPLAINTS**

5       The court is required to screen complaints brought by prisoners seeking relief against "a

6  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In

7  performing this screening function, the court must dismiss any claim that "(1) is frivolous,

8  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

9  from a defendant who is immune from such relief."  Id. § 1915A(b).  A claim is legally frivolous

10 when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

11 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless

12 legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical

13 inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

14 factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

15      In order to avoid dismissal for failure to state a claim a complaint must contain more than

16 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

20 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

21 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

22 inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

23 considering whether a complaint states a claim, the court must accept the allegations as true,

24 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

25 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

26 **PLAINTIFF'S COMPLAINT**

27      Plaintiff was in pretrial criminal custody in Shasta County Jail during the events

28 underlying the complaint.  He names as defendants (1) County of Shasta, and (2) Shasta County

2

1    Sheriff's Office and Jail Facility.  (ECF No. 1 at 1.)  The complaint does not identify particular

2    causes of action but seeks thirty-million dollars in damages.  (Id. at 3.)

3           Plaintiff alleges that on January 19, 2024, he was arrested based on the false statements of

4    D.W. Simmons.  (ECF No. 1 at 1.)  Deputy Sheriff M. Scheibe falsified the arrest report.  Plaintiff

5    was then falsely imprisoned, prosected, and convicted.  (Id.)  However, Plaintiff does not name

6    Simmons or Scheibe as defendants.  Several weeks after filing the complaint in this case, plaintiff

7    filed another § 1983 action against Simmons, Scheibe, and others specifically challenging his

8    arrest and trial, see Abreu v. Shasta County Sheriff's Office, et al., 2:25-cv-00813 DC CSK PC

9    (E.D. Cal.).  Therefore, the undersigned treats the facts regarding plaintiff's arrest/trial as

10   background information and construes the complaint as challenging conditions of confinement

11   and the alleged abuses plaintiff observed only.

12          Plaintiff went to "worker's mod" in March 2024.  (ECF No. 1.)  He alleges he did "great

13   work," first in the kitchen for three months and then in the interior for three months.  In the

14   interior, he cleaned out blood from county trucks and cruisers.  (Id.)  This work and the abuses

15   and neglect of the mentally ill that he saw affected his own mental health.  He went from being

16   one of the facility's best workers to having an emotional breakdown.  He was eventually put in

17   isolation, which deteriorated his mental health even more and caused him to lose his trial.  (Id.)

18   Plaintiff spent twenty-three hours a day in isolation for seven months.  (Id. at 2.)

19          Plaintiff goes on to describe abuses he has witnessed in the facility.  He saw two sheriff

20   deputies, Charlie and Duhnham, threaten to take off their belts and abuse a man in a safety cell.

21   (ECF No. 1 at 2.)  He saw five deputies grab a man half their size and throw him on the safety

22   cell floor and yell, "This is our house."  (Id.)  While on the way to court, plaintiff saw Shasta

23   County Marshals laugh at a traumatized woman yelling "rape" as she came into the facility.  (Id.)

24   On January 13, 2025, plaintiff saw a man named Walker wheeled out of his cell in a wheelchair

25   with a baseball-sized hole in his head.  Plaintiff filed a grievance about it.  He was told it was

26   approved but he never saw relief.  (Id.)  Plaintiff alleges he didn't have the mental stability to

27   function properly during his trial because of the corruption and abuses he saw in jail.  (Id. at 3.)

28   ////

1    **LEGAL STANDARDS**

2    **I.     42 U.S.C. § 1983**

3        A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

4    privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,

5    including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim

6    under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

7    (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v.

8    County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

9    **II.     Linkage**

10        Section 1983 requires that there be an actual connection or link between the actions of the

11    defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

12    Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71

13    (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's

14    "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a

15    series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which

16    [the defendant] knew or reasonably should have known would cause others to inflict a

17    constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks

18    and citation omitted).  In other words, "[a] person 'subjects' another to the deprivation of a

19    constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

20    in another's affirmative acts or omits to perform an act which he is legally required to do that

21    causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

22    Cir. 1978) (citation omitted).

23    **III.     Municipal Liability**

24        Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be

25    liable for causing a constitutional deprivation.  Monell, 436 U.S. at 691, 694; Long v. County of

26    Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  However, municipalities cannot be held

27    vicariously liable under § 1983 for the actions of their employees.  Monell, 436 U.S. at 691.

28    "Instead, it is when execution of a government's policy or custom, whether made by its

4

1  lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

2  the injury that the government as an entity is responsible under § 1983." Id. at 694.

3     To properly plead a Monell claim based on an unconstitutional custom, practice, or policy,

4  plaintiff must show that the government "had a deliberate policy, custom, or practice that was the

5  moving force behind the constitutional violation [plaintiff] suffered." AE ex rel. Hernandez v.

6  County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted).

7  Plaintiff must also show that the policy or custom of the government "reflects deliberate

8  indifference" to plaintiff's constitutional rights. Castro v. County of Los Angeles, 833 F.3d 1060,

9  1073 (9th Cir. 2016) (en banc) (quotation marks and citation omitted). Unless the challenged

10  policy is in writing, the municipal policy at issue must be the result of a "'longstanding practice

11  or custom which constitutes the standard operating procedure of the local government entity.'"

12  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco,

13  308 F.3d 968, 984-85 (9th Cir. 2002) (quotation omitted)).

14  **DISCUSSION**

15  **I.  Failure to State a Claim**

16     For the reasons set forth below, plaintiff's complaint fails to state any cognizable claims

17  for relief against either municipal defendant. See 28 U.S.C. § 1915A(b)(1).

18  **A. Fourteenth Amendment Conditions of Confinement**

19     Plaintiff's complaint, which is not on the form used in this district, does not list any causes

20  of action or identify which constitutional or federal statutory rights the municipal defendants

21  allegedly violated. Liberally construed, it appears to challenge his seven-month placement in an

22  isolation cell. Under the Fourteenth Amendment, a pretrial detainee cannot be subject to

23  conditions that "amount to punishment." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004)

24  (quoting Bell v. Wolfish, 441 U.S. 520, 536 (1979)). Punitive conditions may be shown where:

25    (1) the challenged restrictions are expressly intended to punish, or (2) where the
  challenged restrictions serve an alternative, non-punitive purpose but are

26    nonetheless excessive in relation to the alternative purpose, or are employed to
  achieve objectives that could be accomplished in so many alternative and less

27    harsh methods.

28  Id. (internal citations and quotations omitted). "Legitimate, non-punitive government interests

5

1    include ensuring a detainee's presence at trial, maintaining jail security, and effective

2    management of a detention facility." Id. (citations omitted).

3        However, the complaint does not adequately link plaintiff's placement in isolation to a

4    policy or procedure of either of the municipal defendants.  Therefore, the complaint fails to state a

5    cognizable Fourteenth Amendment conditions of confinement claim.  Plaintiff will be given leave

6    to amend.  If plaintiff chooses to amend, he is advised to consider the legal standard provided

7    above.

8                    **B.  Plaintiff Has No Standing to Represent Others**

9        Plaintiff states in his complaint that he cares deeply for other incarcerated persons and

10    gives examples of alleged abuses of others that he has witnessed.  However, pro se litigants like

11    plaintiff may not pursue claims on behalf of others.  "It is well established that the privilege to

12    represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or

13    entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  Therefore, to the

14    extent plaintiff seeks to bring claims on behalf of the individuals whose alleged abuse and neglect

15    he witnessed, his complaint fails to state a claim.  Plaintiff is advised that if he chooses to amend

16    he may only raise claims on his own behalf.

17                   **C.  The Shasta County Jail is Not a Proper Defendant**

18        The second defendant identified on the caption is "Shasta County Sheriff's Office and Jail

19    Facility."  The Sheriff's Office is a potentially viable defendant under Monell.  However, the Jail

20    Facility itself is not.  Courts routinely hold that jails and prisons are not "persons" who can be

21    sued under § 1983.  See Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)

22    ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  If

23    plaintiff chooses to amend, he is advised that he may not pursue a § 1983 claim against the Jail

24    Facility itself.

25    **II.    Leave to Amend**

26        Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the

27    complaint does not state any valid claims for relief.  Because of these defects, the court will not

28    order the complaint to be served on defendants.  Plaintiff may try to fix these problems by filing

1  an amended complaint. In deciding whether to file an amended complaint, plaintiff is advised to

2  consider the legal standards governing his potential claims for relief provided above.

3       If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

4  about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode,

5  423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named

6  defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

7  There can be no liability under § 1983 unless there is some affirmative link or connection

8  between a defendant's actions and the claimed deprivation. Id.; Johnson, 588 F.2d at 743.

9  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations

10 are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

11      Plaintiff is also informed that the court will not refer to a prior pleading in order to make

12 his amended complaint complete. Local Rule 220 requires that an amended complaint be

13 complete in itself without reference to any prior pleading. This is because, as a general rule, an

14 amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

15 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no

16 longer serves any function in the case. Therefore, in an amended complaint, as in an original

17 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

18 **CONCLUSION**

19     In accordance with the above, IT IS HEREBY ORDERED that:

20     1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is GRANTED.

21     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

22 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

23 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

24 appropriate agency filed concurrently herewith.

25     3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

26 U.S.C. § 1915A(b)(1), and will not be served.

27     4.  Within thirty (30) days from the date of service of this order, plaintiff may file an

28 amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of

7

1  Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

2  number assigned this case, **2:25-cv-00644 SCR** P, and must be labeled **"First Amended**

3  **Complaint."**

4      5.   Failure to file an amended complaint in accordance with this order will result in a

5  recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

6  Procedure.

7      6.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

8  form used in this district.

9  DATED: August 26, 2025

10

11  _____

12  SEAN C. RIORDAN
   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28