UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLUE FIRE CLOUD ABREU,

Plaintiff,

v.

COUNTY OF SHASTA, et al.,

Defendants.

No.  2:25-cv-00644 SCR

ORDER

Plaintiff is incarcerated in state prison and proceeding pro se and forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Plaintiff's first amended complaint ("FAC") is before the undersigned for screening under 28 U.S.C. § 1915A.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than

1

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S FAC**

Plaintiff's FAC raises Fourteenth Amendment conditions of confinement claims against Shasta County Jail and Shasta County Sheriff's Department. The allegations largely track those in his original complaint. Plaintiff states he was falsely imprisoned and exposed to abusive conditions as a pretrial detainee in Shasta County Jail that exacerbated his bipolar disorder and post-traumatic stress disorder and caused an emotional breakdown before trial. ECF No. 8 at 3. Plaintiff claims he was exposed to long-term isolation for 23 hours per day. Id.

Plaintiff also raises a claim for corruption against Shasta County Courts and Superior Court Judge Flynn. ECF No. 8 at 4. Plaintiff alleges Judge Flynn denied his pretrial claims, keeping him falsely imprisoned for 23 hours per day and triggering his mental health conditions. Id. The FAC also lists as a defendant Daniel William Simmons, but he does not appear in the body of the pleading. By way of relief, plaintiff seeks $100,000 for every day of his pretrial confinement, immediate release, and all charges dropped.

**LEGAL STANDARDS**

I.      **42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim

2

under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

**II.    Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted). In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III.    Municipal Liability**

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. at 691, 694; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). However, municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell, 436 U.S. at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must show that the government "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff] suffered." AE ex rel. Hernandez v.

3

County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted). Plaintiff must also show that the policy or custom of the government "reflects deliberate indifference" to plaintiff's constitutional rights. Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quotation marks and citation omitted). Unless the challenged policy is in writing, the municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002) (quotation omitted)).

**DISCUSSION**

**I.      Fourteenth Amendment Claim (Isolation)**

As with the first screening order, the undersigned will not address the conclusory and passing allegations of false imprisonment. Those allegations were the subject of plaintiff's now closed § 1983 action, Abreu v. Shasta County Sheriff's Office et al., Case No. 2:25-cv-00813 DC CSK (E.D. Cal.).[1] Instead, the undersigned liberally construes the FAC as challenging plaintiff's conditions of confinement in Shasta County Jail during the period he was a pretrial detainee.

The Fourteenth Amendment requires the government to do more than provide minimal necessities to non-convicted detainees. Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004). Under the Due Process Clause, pretrial detainees have a right to be free from jail conditions or restrictions that "amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535-37 (1979)); see also Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). "This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Pierce, 526 F.3d at 1205.

The proscription against punishment before trial can be violated in multiple ways. Most

---

[1] In that case, plaintiff's claims for illegal arrest and false imprisonment were dismissed without leave to amend pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Abreu v. Shasta Cnty. Sheriff's Off., No. 2:25-cv-0813 DC CSK P, 2025 WL 1865005, at *3 (E.D. Cal. July 7, 2025), report and recommendation adopted, No. 2:25-cv-0813 DC CSK (PC), 2025 WL 2390730 (E.D. Cal. Aug. 18, 2025).

4

obviously, it can be violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 538; see also Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) (quoting Bell, 441 U.S. at 538) ("'[P]unishment' can consist of actions taken with an 'expressed intent to punish.'"). If a jailer lacks express intent to punish, "a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Kingsley, 576 U.S. at 389 (quoting Bell, 441 U.S. at 561).

To "constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004). "Absent evidence of express punitive intent, it may be possible to infer a given restriction's punitive status 'from the nature of the restriction.'" Pierce, 526 F.3d at 1205 (quoting Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002)). A restriction may also be punitive if it involves a "reckless disregard for inmates' health or safety." Norbert v. City & Cnty. of San Francisco, 10 F.4th 918, 928 (9th Cir. 2021). There is no due process violation, however, if restrictions are "but an incident of some other legitimate government purpose." Bell, 441 U.S. at 538.

The Ninth Circuit has held that the housing of pretrial detainees in safety cells/solitary confinement "for short periods of time during violent episodes is constitutionally permissible." Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1994). This holding does not foreclose a Fourteenth Amendment claim here, but plaintiff must plead more facts for the undersigned to reasonably infer that his isolation "amount[ed] to punishment." See Bell, 441 U.S. at 535-37. For example, plaintiff gives no details on the reasons for his isolation, its duration, the conditions where he was housed, or the persons responsible. See Brown v. Nevada, No. 2:23-cv-0187 JAD NJK, 2023 WL 4025888, at *6 (D. Nev. June 14, 2023) (screening out Fourteenth Amendment claim where plaintiff "[did] not plead facts about her placement in solitary confinement . . . [or] identify the person or persons who placed or kept her in solitary confinement . . . .."). Moreover, plaintiff raised this claim against municipal defendant Shasta County Sheriff's Department, but does not identify a deliberate policy, custom, or practice as required under Monell.

5

Plaintiff will be given one more chance to amend his complaint to fix the problems with his Fourteenth Amendment conditions claim.  Plaintiff is instructed to provide more factual details regarding the reasons for his isolation, how long he was isolated, the conditions where he was isolated, etc.  Plaintiff must also link these allegations to defendant Shasta County Sherriff's Department.[2]  He is encouraged to review the "Municipal Liability" legal standards above regarding the pleading requirements for constitutional claims against counties and other municipal entities.

## II.    Plaintiff May Not Proceed Against the Remaining Defendants

Plaintiff's "corruption" claims against defendants Shasta County Courts and Judge Flynn will be dismissed on immunity grounds.  Regarding defendant Shasta County Courts, the Eleventh Amendment bars federal suits against states as well as arms of the state, "regardless of the nature of relief sought."  Crowe v. Or. State Bar, 989 F.3d 714, 730 (9th Cir. 2021).  Shasta County Superior Court is an "arm[] of the state" entitled to Eleventh Amendment immunity.  See Munoz v. Superior Ct. of L.A. Cnty., 91 F.4th 977, 980 (9th Cir. 2024) ("Given the considerable control that California exerts, 'a suit against the Superior Court is a suit against the State, barred by the eleventh amendment'").

Judge Flynn is entitled to judicial immunity from suit.  "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted).  !'Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (citation omitted).  Plaintiff alleges that Judge Flynn "denied" his pretrial claims, leaving plaintiff in isolation.  ECF No. 8 at 4.  It is clear from this allegation that the Judge's actions were judicial in nature and thus entitled

---

[2]  Plaintiff also named the Shasta County Jail as a defendant despite the undersigned's dismissal of that defendant is the first screening order.  ECF No. 5 at 6 (citing Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.")).

6

to judicial immunity.  Accordingly, the undersigned finds that the FAC fails to state claims for relief against defendants Shasta County Courts or Judge Flynn.

### III.    Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Fourteenth Amendment or any other constitutional provision against defendants Shasta County Jail, Shasta County Sheriff's Department, Shasta County Courts, Judge Flynn, or Daniel William Simmons.  Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix the problems by filing an amended complaint.  **Plaintiff is given leave to amend solely for the purpose of pleading additional facts in support of his Fourteenth Amendment conditions of confinement (isolation) claim.**  In deciding whether to file an amended complaint, plaintiff is encouraged to consider the legal standards provided above as well as the undersigned's instructions for providing additional factual detail on the circumstances of plaintiff's isolation.  If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV.    Plain Language Summary of Order for Party Proceeding Without a Lawyer**

Your complaint will not be served because the facts alleged are not enough to state a claim that your isolation in Shasta County Jail violated the Fourteenth Amendment. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly why your isolation amounted to punishment, and what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:25-cv-00644-SCR**, and must be labeled "**Second Amended Complaint.**"

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: March 18, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

8