UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE FIRE CLOUD ABREU,<br>Plaintiff,<br>v.<br>COUNTY OF SHASTA, et al.,<br>Defendants. | No. 2:25-cv-00644 SCR P<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

By order filed March 19, 2026, the undersigned found Plaintiff's first amended complaint ("FAC") failed to state cognizable claims for relief and granted Plaintiff 30 days to file an amended complaint. ECF No. 9. In response, Plaintiff filed a document that contained contradictory statements regarding his desire to amend. ECF No. 10. As a result, by order dated on May 19, 2026, the undersigned granted Plaintiff an additional 30 days to clarify "whether he wants to stand on his [FAC] as screened or whether he intended his latest filing to be his second amended complaint." ECF No. 11. The order advised Plaintiff that a failure to comply will result in the recommendation that the case be dismissed for failure to prosecute, Fed. R. Civ. P. 41(b), and failure to comply with court order, Local. Rule 110. Id. at 2. More than 30 days have passed and Plaintiff has not provided the requested clarification or otherwise responded to the Court's order. Accordingly, the undersigned recommends that this action be dismissed.

When deciding whether to recommend dismissal for failure to comply with a court order, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that plaintiff's complaint was screened out and defendant was not served, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but less so if plaintiff is not precluded from litigating this matter. The court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE